UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGELA M. SPORER,

        Plaintiff,

  v.                                            Case No. 23-cv-826-pp

GUNDERSEN HOSPITAL,

        Defendant.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), ADOPTING JUDGE DRIES'S RECOMMENDATION (DKT. NO. 4) AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

In the past six months, the plaintiff has filed seven cases in this district. <u>Sporer v. CDC Wisconsin</u>, Case No. 23-cv-168; <u>Sporer v. Waukesha County Courthouse Family Court</u>, Case No. 23-cv-169; <u>Sporer v. Menomonee Falls Police Department</u>, Case No. 23-cv-170; <u>Sporer v. Wisconsin Department of Children and Families</u>, Case No. 23-cv-171; <u>Sporer v. Gundersen Hospital</u>, Case No. 23-cv-826 (this case); <u>Sporer v. Waukesha Postal Service</u>, Case No. 23-cv-827; and <u>Sporer v. Waukesha</u>, Case No. Case No. 23-cv-828. In each case, United States Magistrate Judge Stephen Dries recommended dismissal.[1]

---

[1] Case numbers 23-cv-168, 23-cv-169, 23-cv-170 and 23-cv-171 were assigned to District Judge Lynn Adelman after Judge Dries issued his recommendations, and Judge Adelman adopted Judge Dries's recommendation and dismissed all four cases in a single order. Case No. 23-cv-168, Dkt. No. 6; Case No. 23-cv-169, Dkt. No. 6; Case No. 23-cv-170, Dkt. No. 6; Case No. 23-cv-171, Dkt. No. 5.

1

On June 21, 2023, the plaintiff filed the complaint in this case, as well as two others. In this case, she alleges that the defendant—a hospital in Wisconsin—failed to properly diagnose and treat her following an assault in 2014. Dkt. No. 1 at 2, 4. Along with the complaint, the plaintiff filed a motion asking for permission to proceed without prepaying the filing fee. Dkt. No. 2

On August 9, 2023, Judge Dries issued a report recommending that the case be dismissed for lack of subject matter jurisdiction and that the motion for leave to proceed without prepaying the filing fee be denied as moot. Dkt. No. 4 at 5. Judge Dries concluded that the plaintiff had failed to explain how the hospital's actions (or inaction) in 2014 had caused the seizures and chronic infections from which the plaintiff suffers today. Id. at 3. He also observed that both the plaintiff and the defendant appear to be residents of the state of Wisconsin and the only claim the plaintiff alleges is a state law tort claim—negligent medical care/malpractice. Id. at 4. Judge Dries explained that the court lacks subject matter jurisdiction over a state law claim by a Wisconsin resident against a Wisconsin resident. Id.

At the end of the order, Judge Dries wrote:

> [The plaintiff] has now filed seven complaints in 2023. These complaints have run the gamut from child trafficking to lost mail, but not one of them has had any merit. With this most recent batch of complaints, [the plaintiff] has once again needlessly expended the court's time and resources on claims that are either baseless or outside this court's jurisdiction. Federal district court is a court of limited jurisdiction; it is not a revolving door through which a plaintiff may drag any and every party with whom she has a gripe. [The plaintiff] should be advised that the continued filing of frivolous claims may result in the imposition of a filing bar against her, or other sanctions.

2

Id. at 5. Judge Dries notified the plaintiff that she must file any written objections to his recommendation within fourteen days of service of the recommendation. Id. The fourteen-day deadline expired August 23, 2023; the court did not receive an objection from the plaintiff by that deadline and has not received an objection as of the date of this order.

Under Federal Rule of Civil Procedure 72, if a party does not object to a magistrate judge's report and recommendation, the district court reviews that recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Because the plaintiff did not timely file an objection, this court decides only whether Judge Dries's report and recommendation are clearly erroneous. They are not.

As Judge Dries explained, district courts are courts of limited jurisdiction. Badgerow v. Walters, ___ U.S. ___, 142 S. Ct. 1310, 1315 (2022). They may decide "diversity" cases—lawsuits between citizens of different states that involve disputes valued at $75,000 or more—and "federal question" cases involving violations of, or failures to comply with, federal laws. Id. (citing 28 U.S.C. §§1331, 1332(a)). Where the parties are citizens of the same state and the complaint does not allege a violation of a federal statute or the federal Constitution, a federal district court lacks jurisdiction. That is the case here— the plaintiff has sued a Wisconsin resident and has not alleged a violation of a federal statute or the federal Constitution, so this district court does not have jurisdiction to decide the case.

The court **ADOPTS** the recommendation of the magistrate judge. Dkt. No. 4. The court **DISMISSES** this case for lack of subject matter jurisdiction. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court advises the plaintiff that if she continues to file cases over which this court has no jurisdiction, or cases that are frivolous, malicious or fail to state a claim, the court may impose sanctions on her, including financial sanctions or a bar against filing future cases.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Federal Rules of Appellate Procedure. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally

4

Case 2:23-cv-00826-PP   Filed 08/29/23   Page 4 of 5   Document 5

no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of August, 2023.

                              **BY THE COURT:**

                              _____

                              **HON. PAMELA PEPPER**
                              **Chief United States District Judge**